UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------
JOHN MICHAEL                                                    <u>ECF CASE</u>

                                   Plaintiff(s),
                                                               **CLASS ACTION**
                                                               **COMPLAINT**

              -vs-                                             **<u>JURY TRIAL</u>**
                                                               **<u>DEMANDED</u>**

JOHN WILEY & SONS, INC.

                                   Defendant(s).
------------------------------------------------------------

Plaintiff, **JOHN MICHAEL** (hereinafter "Plaintiff"), on behalf of himself and all others

similarly situated, by and through his undersigned attorney, hereby files this Class Action

Complaint against Defendant, JOHN WILEY & SONS, INC.., (hereinafter "Defendant"), and

states as follows:

<b><u>INTRODUCTION</u></b>

1.      This class action seeks to put an end to systemic civil rights violations committed

by Defendant against the deaf and hard of hearing individuals in New York State and across the

United States. Defendant is denying the deaf and hard of hearing individuals throughout the United

States equal access to the goods and services Defendant provides to non-disabled individuals

through efficientlearing.com (hereinafter the "Website App"). The Website App provides to the

public a wide array of online courses, services, employment opportunities and other programs

offered by Defendant. Yet, the Website App contains access barriers that make it difficult, if not

impossible, for deaf and hard of hearing individuals to use the Website App. In fact, the access

barriers make it impossible for deaf and hard of hearing users to comprehend the audio portion of

videos that are posted on the Website App. Defendant thus excludes the deaf and hard of hearing

1

from the full and equal participation in the growing Internet economy that is increasingly a fundamental part of the common marketplace and daily living. In the wave of technological advances in recent years, assistive technology is becoming an increasingly prominent part of everyday life, allowing deaf and hard of hearing people to access a variety of services fully and independently, including accessing online videos.

2.      Plaintiff, who currently lives in New York City, is a deaf and hard of hearing individual. He brings this civil rights class action against Defendant for failing to design, construct, and/or own or operate a website App that is fully accessible to, and independently usable by, deaf and hard of hearing people.

3.      Approximately 36 million people in the United States are deaf or hard of hearing. Many of these individuals require captioning to meaningfully comprehend the audio portion of video content. Just as buildings without ramps bar people who use wheelchairs, video content without captions excludes deaf and hard of hearing individuals. Closed captioning is a viewer-activated system that displays text on, for instance, online videos, television programming, or DVD movies. This is different from open captioning or subtitles, which are burned into the video file and automatically displayed for everyone to see, such as subtitles in foreign language movies. With closed captioning, deaf and hard of hearing individuals have the opportunity to watch videos by reading the captioned text.

4.      Deaf and hard of hearing people watch videos just as sighted people do. The lack of closed captioning means that deaf and hard of hearing people are excluded from the rapidly expanding internet media industry and from independently accessing videos posted on the Website App.

5.      Despite readily available accessible technology, such as the technology in use at other heavily trafficked website Apps, which makes use of closed captioning for hearing impaired individuals, such as YouTube and Netflix, Defendant has chosen to post videos without closed captioning that are inaccessible to deaf and hard of hearing individuals. Without closed captioning, deaf and hard of hearing people cannot comprehend the audio portion of the videos on the Website App.

6.      By failing to make the Website App accessible to deaf and hard of hearing persons, Defendant is violating basic equal access requirements under both state and federal law.

7.      Congress provided a clear and national mandate for the elimination of discrimination against individuals with disabilities when it enacted the Americans with Disabilities Act. Such discrimination includes barriers to full integration, independent living, and equal opportunity for persons with disabilities, including those barriers created by website Apps and other public accommodations that are inaccessible to deaf and hard of hearing individuals. Similarly, New York state law requires places of public accommodation to ensure access to goods, services, and facilities by making reasonable accommodations for persons with disabilities.

8.      Plaintiff browsed and intended to watch the video of the CPA review course on their Website App. However, unless Defendant remedies the numerous access barriers on the Website App, Plaintiff and Class members will continue to be unable to independently watch videos on the Website App.

9.      This complaint seeks declaratory and injunctive relief to correct Defendant's policies and practices to include measures necessary to ensure compliance with federal and state law and to include monitoring of such measures, to update and remove accessibility barriers on the Website App so that Plaintiff and the proposed Class and Subclass individuals who are deaf

and hard of hearing will be able to independently and privately view videos posted on the Website App. This complaint also seeks compensatory damages to compensate Class members for having been subjected to unlawful discrimination.

## JURISDICTION AND VENUE

### *PARTIES*

10.     Plaintiff was at all times material hereto a resident of Richmond County, New York.

11.     Plaintiff is legally deaf and a member of a protected class under the ADA, 42 U.S.C. § 12102(1)-(2), the regulations implementing the ADA set forth at 28 CFR §§ 36.101 *et seq.*, the New York State Human Rights Law and the New York City Human Rights Law.

12.     Plaintiff cannot access the audio portion of a video without the assistance of closed captioning. Plaintiff has been denied the full enjoyment of the facilities, goods and services of the Website App, as a result of its accessibility barriers. Most recently in December of 2021, Plaintiff attempted to watch the video of the CPA review course on the Website App but could not comprehend the content of the video due to its lack of closed captioning. The inaccessibility of the Website App has deterred him and Class members from watching videos on the Website App.

13.     Defendant has an office headquarters located at 28 Liberty Street, New York, NY 10005.

14.     The failure of Defendant to provide equal access to millions of deaf and hard of hearing individuals violates the mandate of the ADA to provide "full and equal enjoyment" of a public accommodation's goods, services, facilities, and privileges. Places of public accommodation include, "place[s] of exhibition and entertainment," "places[s] of recreation," and "service establishments." 28 C.F.R. § 36.201 (a); 42 U.S.C. §12181 (7). Because the Website App is a "place of public accommodation," denial of equal access to the videos available to hearing

4

individuals violates the ADA. Remedying that violation is critical to the ADA's goal of providing people with disabilities the same access that others take for granted. Accordingly, Plaintiffs seek injunctive and declaratory relief to ensure that deaf and hard of hearing individuals have equal access to the Website App.

## CLASS ACTION ALLEGATIONS

15.     Plaintiff, on behalf of himself and all others similarly situated, seeks certification of the following nationwide class pursuant to Rule 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure: "all legally deaf and hard of hearing individuals in the United States who have attempted to access the Website App and as a result have been denied access to the enjoyment of goods and services offered by the Website App during the relevant statutory period."

16.     Plaintiff seeks certification of the following New York subclass pursuant to Fed.R.Civ.P. 23(a), 23(b)(2), and, alternatively, 23(b)(3): "all legally deaf and hard of hearing individuals in New York State who have attempted to access the Website App and as a result have been denied access to the enjoyment of goods and services offered by the Website App, during the relevant statutory period."

17.     There are hundreds of thousands of deaf or hard of hearing individuals in New York State. There are approximately 36 million people in the United States who are deaf or hard of hearing. Thus, the persons in the class are so numerous that joinder of all such persons is impractical and the disposition of their claims in a class action is a benefit to the parties and to the Court.

18.     This case arises out of Defendant's policy and practice of maintaining an inaccessible Website App denying deaf and hard of hearing persons access to the goods and services of the Website App. Due to Defendant's policy and practice of failing to remove access

barriers, deaf and hard of hearing persons have been and are being denied full and equal access to independently browse and watch videos on the Website App.

19.     There are common questions of law and fact common to the class, including without limitation, the following:

      a.     Whether the Website App is a "public accommodation" under the ADA.

      b.     Whether the Website App is a "place or provider of public accommodation" under the laws of New York.

      c.     Whether Defendant through the Website App denies the full and equal enjoyment of its goods, services, facilities, privileges, advantages, or accommodations to people with hearing disabilities in violation of the ADA; and

      d.     Whether Defendant through the Website App denies the full and equal enjoyment of its goods, services, facilities, privileges, advantages, or accommodations to people with hearing disabilities in violation of the laws of New York.

20.     The claims of the named Plaintiff are typical of those of the Class. The Class, similarly, to the Plaintiff, are deaf or hard of hearing, and claim that Defendant has violated the ADA, and/or the laws of New York by failing to update or remove access barriers on the Website App, so it can be independently accessible to the Class of people who are legally deaf or hard of hearing.

21.     Plaintiff will fairly and adequately represent and protect the interests of the members of the Class because Plaintiff has retained and is represented by counsel competent and experienced in complex class action litigation, and because Plaintiff has no interests antagonistic

to the members of the Class. Class certification of the claims is appropriate pursuant to Fed. R. Civ P. 23(b)(2) because Defendant has acted or refused to act on grounds generally applicable to the Class, making appropriate both declaratory and injunctive relief with respect to Plaintiff and the Class as a whole.

22.     Alternatively, class certification is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to Class members clearly predominate over questions affecting only individual class members, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

23.     Judicial economy will be served by maintenance of this lawsuit as a class action in that it is likely to avoid the burden that would be otherwise placed upon the judicial system by the filing of numerous similar suits by people with hearing disabilities throughout the United States.

24.     References to Plaintiff shall be deemed to include the named Plaintiff and each member of the Class, unless otherwise indicated.

## **FACTUAL ALLEGATIONS**

25.     Defendant operates the Website App, an online education source, providing information about self-paced online courses, study tools, teacher and corporate training programs, research, articles, and school matching services. It delivers relevant information about online education to hundreds of millions of people across the United States.

26.     The Website App is a service and benefit offered by Defendant throughout the United States, including New York State. The Website App is owned, controlled and/or operated by Defendant.

27.     The Website App allows the user to browse their offered online courses, CPA study tools, corporate solutions for workplace skills and compliance as well as teacher solutions to supplement core instructions with videos and worksheets. It covers a variety of subjects such as CPA course training. Defendant's videos are available with the click of a mouse and are played through the Internet on computers, cell phones, and other electronic devices.

28.     This case arises out of Defendant's policy and practice of denying the deaf and hard of hearing access to the Website App, including the goods and services offered by Defendant through efficientlearning.com (Website App). Due to Defendant's failure and refusal to remove access barriers to efficientlearning.com Website App, deaf and hard of hearing individuals have been and are being denied equal access to the Website App, as well as to the numerous goods, services and benefits offered to the public through the Website App.

29.     Defendant denies the deaf and hard of hearing access to goods, services and information made available through the Website App by preventing them from freely navigating the Website App and/or understating the audio in the videos used on the Website App.

30.     The Internet has become a significant source of information for conducting business and for doing everyday activities such as reading news, watching sports, etc., for deaf and hard of hearing persons.

31.     The deaf and hard of hearing access videos through closed captioning, which is a transcription or translation of the audio portion of a video as it occurs, sometimes including description of non-speech elements. Except for a deaf or hard of hearing person whose residual hearing is still sufficient to apprehend the audio portion of the video, closed captioning provides the only method by which a deaf or hard of hearing person can independently access the video.

Unless website Apps are designed to allow for use in this manner, deaf and hard of hearing persons are unable to fully access the service provided through the video on the Website App.

32.     The Website App contains access barriers that prevent free and full use by Plaintiff and other deaf or hard of hearing persons.

33.     Due to the Website App's inaccessibility, Plaintiff and other deaf or hard of hearing individuals must in turn spend time, energy, and/or money to apprehend the audio portion of the videos offered by Defendant. Some deaf and hard of hearing individuals may require an interpreter to apprehend the audio portion of the video or require assistance from their friends and family. By contrast, if the Website App was accessible, a deaf or hard of hearing person could independently watch the videos and enjoy the service provided by Defendant as hearing individuals can and do.

34.     The Website App thus contains access barriers which deny full and equal access to Plaintiff, who would otherwise use efficientlearning.com Website App and who would otherwise be able to enjoy the benefits and services of the Website App in New York State fully and equally.

35.     Plaintiff attempted to watch the video of the CPA review course on the Website App in September 2019 and December 2021 but was unable to do so independently because of the lack of closed captioning on the Website App, causing it to be inaccessible and not independently usable by deaf and hard of hearing individuals.

36.     As described above, Plaintiff has actual knowledge of the fact that the Website App contains access barriers causing the Website App to be inaccessible, and not independently usable by, deaf and hard of hearing individuals.

37.     These barriers to access have denied Plaintiff full and equal access to, and enjoyment of, the goods, benefits and services of Defendant and the Website App.

38.     Defendant engaged in acts of intentional discrimination, including but not limited to the following policies or practices:

    (a)    constructing and maintaining a Website App that is inaccessible to deaf and hard of hearing class members with knowledge of the discrimination; and/or

    (b)    constructing and maintaining a Website App that is sufficiently intuitive and/or obvious that is inaccessible to deaf and hard of hearing class members; and/or

    (c)    failing to take actions to correct these access barriers in the face of substantial harm and discrimination to deaf and hard of hearing class members.

39.     Defendant utilizes standards, criteria or methods of administration that have the effect of discriminating or perpetuating the discrimination of others.

## FIRST CAUSE OF ACTION

(Violation of 42 U.S.C. §§ 12181, *et seq.* — Title III of the Americans with Disabilities Act)
(on behalf of Plaintiff and the Class)

40.     Plaintiff realleges and incorporates by reference the foregoing allegations as if set forth fully herein.

41.     Title III of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12182(a), provides that "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." Title III also prohibits an entity from utilizing standards or criteria or methods of administration that have the effect of discriminating on the basis of disability." 42 U.S.C. § 12181(b)(2)(D)(I).

42.     Defendant operates a place of public accommodation as defined by Title III of

ADA, 42 U.S.C. § 12181(7) ("place of exhibition and entertainment," "place of recreation," and "service establishments").

43.     Defendant has failed to make its videos accessible to individuals who are deaf or hard of hearing by failing to provide closed captioning for videos displayed on the Website App.

44.     Discrimination under Title III includes the denial of an opportunity for the person who is deaf or hard of hearing to participate in programs or services or providing a service that is not as effective as what is provided to others. 42 U.S.C. § 12182(b)(1)(A) (I-III).

45.     Discrimination specifically includes the failure to provide "effective communication" to deaf and hard of hearing individuals through auxiliary aids and services, such as captioning, pursuant to 42 U.S.C. § 12182(b)(1)(A)(III); 28 C.F.R. § 36.303(C).

46.     Discrimination also includes the failure to maintain accessible features of facilities and equipment that are required to be readily accessible to and usable by persons with disability. 28 C.F.R. §36.211.

47.     Under Title III of the ADA, 42 U.S.C. § 12182(b)(1)(A)(I) it is unlawful discrimination to deny individuals with disabilities or a class of individuals with disabilities the opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of an entity.

48.     Under Title III of the ADA, 42 U.S.C. § 12182(b)(1)(A)(II), it is unlawful discrimination to deny individuals with disabilities or a class of individuals with disabilities an opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodation, which is equal to the opportunities afforded to other individuals.

49.     Specifically, under Title III of the ADA, 42 U.S.C. § 12182(b)(2)(A)(II), unlawful

discrimination includes, among other things, "a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages or accommodations."

50.     In addition, under Title III of the ADA, 42 U.S.C. § 12182(b)(2)(A)(III), unlawful discrimination also includes, among other things, "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden."

51.     The acts alleged herein constitute violations of Title III of the ADA, 42 U.S.C. § 12101 *et seq.,* and the regulations promulgated thereunder. Individuals who are deaf and hard of hearing have been denied full and equal access to the Website App, have not been provided services that are provided to other patrons who are not disabled, and/or have been provided services that are inferior to the services provided to non-disabled patrons.

52.     Defendant has failed to take any prompt and equitable steps to remedy its discriminatory conduct. These violations are ongoing.

53.     Modifying its policies, practices, and services by providing closed captions to make its videos accessible to deaf and hard of hearing individuals would not fundamentally alter the nature of Defendant's business, nor would it pose an undue burden to this flourishing company.

54.     As such, Defendant discriminates, and will continue in the future to discriminate

against Plaintiff and members of the proposed class and subclass on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, accommodations and/or opportunities of the Website App in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12181 *et seq.* and/or its implementing regulations.

55.     Unless the Court enjoins Defendant from continuing to engage in these unlawful practices, Plaintiff and members of the proposed class and subclass will continue to suffer irreparable harm.

56.     The actions of Defendant were and are in violation of the ADA and therefore Plaintiff invokes his statutory right to injunctive relief to remedy the discrimination.

57.     Plaintiff is also entitled to reasonable attorneys' fees and costs.

58.     Pursuant to 42 U.S.C. § 12188 and the remedies, procedures, and rights set forth and incorporated therein Plaintiff prays for judgment as set forth below.

## SECOND CAUSE OF ACTION

(Violation of New York State Human Rights Law, N.Y. Exec. Law, Article 15 (Executive Law § 292 *et seq.*) (on behalf of Plaintiff and New York subclass)

59.     Plaintiff realleges and incorporates by reference the foregoing allegations as though fully set forth herein.

60.     N.Y. Exec. Law § 296(2)(a) provides that it is "an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place of public accommodation … because of the … disability of any person, directly or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities or privileges thereof."

61.     Defendant operates a place of public accommodation as defined by N.Y. Exec.

Law § 292(9).

62.    Defendant is subject to New York Human Rights Law because it owns and operates the Website App. Defendant is a person within the meaning of N.Y. Exec. Law § 292(1).

63.    Defendant is violating N.Y. Exec. Law § 296(2)(a) in refusing to update or remove access barriers to the Website App, causing the videos displayed on the Website App to be completely inaccessible to the deaf and hard of hearing. This inaccessibility denies deaf and hard of hearing patrons full and equal access to the facilities, goods and services that Defendant makes available to the non-disabled public.

64.    Specifically, under N.Y. Exec. Law § 296(2)(c)(I), unlawful discriminatory practice includes, among other things, "a refusal to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford facilities, privileges, advantages or accommodations to individuals with disabilities, unless such person can demonstrate that making such modifications would fundamentally alter the nature of such facilities, privileges, advantages or accommodations."

65.    In addition, under N.Y. Exec. Law § 296(2)(c)(II), unlawful discriminatory practice also includes, "a refusal to take such steps as may be necessary to ensure that no individual with a disability is excluded or denied services because of the absence of auxiliary aids and services, unless such person can demonstrate that taking such steps would fundamentally alter the nature of the facility, privilege, advantage or accommodation being offered or would result in an undue burden."

66.    Defendant's actions constitute willful intentional discrimination against the class on the basis of a disability in violation of the New York State Human Rights Law, N.Y. Exc. Law § 296(2) in that Defendant has:

(a)  constructed and maintained a Website App that is inaccessible to deaf and hard of hearing class members with knowledge of the discrimination; and/or

(b)  constructed and maintained a Website App that is sufficiently intuitive and/or obvious that is inaccessible to deaf and hard of hearing class members; and/or

(c)  failed to take actions to correct these access barriers in the face of substantial harm and discrimination to deaf and hard of hearing class members.

67.     Defendant has failed to take any prompt and equitable steps to remedy its discriminatory conduct. These violations are ongoing.

68.     As such, Defendant discriminates, and will continue in the future to discriminate against Plaintiff and members of the proposed class and subclass on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, accommodations and/or opportunities of the Website App under § 296(2) *et seq.* and/or its implementing regulations. Unless the Court enjoins Defendant from continuing to engage in these unlawful practices, Plaintiff and members of the subclass will continue to suffer irreparable harm.

69.     The actions of Defendant were and are in violation of New York State Human Rights Law and therefore Plaintiff invokes his right to injunctive relief to remedy the discrimination.

70.     Plaintiff is also entitled to compensatory damages, as well as civil penalties and fines pursuant to N.Y. Exc. Law § 297(4)(c) *et seq.* for each and every offense.

71.     Plaintiff is also entitled to reasonable attorneys' fees and costs.

72.     Pursuant to N.Y. Exec. Law § 297 and the remedies, procedures, and rights set forth and incorporated therein Plaintiff prays for judgment as set forth below.

## THIRD CAUSE OF ACTION

(Violation of New York State Civil Rights Law, NY CLS Civ R, Article 4 (CLS Civ R § 40 et seq.) (on behalf of Plaintiff and New York subclass)

73.     Plaintiff realleges and incorporates by reference the foregoing allegations as though fully set forth herein.

74.     Plaintiff served notice thereof upon the attorney general as required by N.Y. Civil Rights Law § 41.

75.     N.Y. Civil Rights Law § 40 provides that "all persons within the jurisdiction of this state shall be entitled to the full and equal accommodations, advantages, facilities and privileges of any places of public accommodations, resort or amusement, subject only to the conditions and limitations established by law and applicable alike to all persons. No persons, being the owner, lessee, proprietor, manager, superintendent, agent, or employee of any such place shall directly or indirectly refuse, withhold from, or deny to any person any of the accommodations, advantages, facilities, and privileges thereof …"

76.     N.Y. Civil Rights Law § 40-c(2) provides that "no person because of … disability, as such term is defined in section two hundred ninety-two of executive law, be subjected to any discrimination in his or her civil rights, or to any harassment, as defined in section 240.25 of the penal law, in the exercise thereof, by any other person or by any firm, corporation or institution, or by the state or any agency or subdivision"

77.     The Website App is a public accommodation within the definition of N.Y. Civil Rights Law § 40-c(2).

78.     Defendant is subject to New York Civil Rights Law because it owns and operates the Website App. Defendant is a person within the meaning of N.Y. Civil Law § 40-c(2).

79.     Defendant is violating N.Y. Civil Rights Law § 40-c(2) in refusing to update or remove access barriers to the Website App, causing videos on the Website App to be completely inaccessible to the deaf and hard of hearing. This inaccessibility denies deaf and hard of hearing patrons full and equal access to the goods and services that Defendant makes available to the non-disabled public.

80.     In addition, N.Y. Civil Rights Law § 41 states that "any corporation which shall violate any of the provisions of sections forty, forty-a, forty-b or forty-two … shall for each and every violation thereof be liable to a penalty of not less than one hundred dollars nor more than five hundred dollars, to be recovered by the person aggrieved thereby…"

81.     Specifically, under N.Y. Civil Rights Law § 40-d, "any person who shall violate any of the provisions of the foregoing section, or subdivision three of section 240.30 or section 240.31 of the penal law, or who shall aid or incite the violation of any of said provisions shall for each and every violation thereof be liable to a penalty of not less than one hundred dollars nor more than five hundred dollars, to be recovered by the person aggrieved thereby in any court of competent jurisdiction in the county in which the defendant shall reside …"

82.     Defendant has failed to take any prompt and equitable steps to remedy its discriminatory conduct. These violations are ongoing.

83.     As such, Defendant discriminates, and will continue in the future to discriminate against Plaintiff and members of the proposed class on the basis of disability are being directly or indirectly refused, withheld from, or denied the accommodations, advantages, facilities and privileges thereof in § 40 *et seq.* and/or its implementing regulations.

84.     Plaintiff is entitled to compensatory damages of five hundred dollars per instance, as well as civil penalties and fines pursuant to N.Y. Civil Law § 40 *et seq* for each and every offense.

## FOURTH CAUSE OF ACTION

(Violation of New York City Human Rights Law, N.Y.C. Administrative Code § 8-102, *et seq.*)
(on behalf of Plaintiff and New York subclass)

85.     Plaintiff realleges and incorporates by reference the foregoing allegations as if set forth fully herein.

86.     N.Y.C. Administrative Code § 8-107(4)(a) provides that "It shall be an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place or provider of public accommodation, because of … disability … directly or indirectly, to refuse, withhold from or deny to such person, any of the accommodations, advantages, facilities or privileges thereof."

87.     The Website App is a public accommodation within the definition of N.Y.C. Administrative Code § 8-102(9).

88.     Defendant is subject to City Law because it owns and operates the Website App. Defendant is a person within the meaning of N.Y.C. Administrative Code § 8-102(1).

89.     Defendant is violating N.Y.C. Administrative Code § 8-107(4)(a) in refusing to update or remove access barriers to the Website App, causing the Website App and the services integrated with the Website App to be completely inaccessible to the deaf and hard of hearing. This inaccessibility denies deaf and hard of hearing patrons full and equal access to the facilities, goods, and services that Defendant makes available to the non-disabled public.  Specifically, Defendant is required to "make reasonable accommodation to the needs of persons with disabilities … any person prohibited by the provisions of [§ 8-107 *et seq.*] from discriminating on the basis of

disability shall make reasonable accommodation to enable a person with a disability to ... enjoy the right or rights in question provided that the disability is known or should have been known by the covered entity." N.Y.C. Administrative Code § 8107(15)(a).

89.     Defendant's actions constitute willful intentional discrimination against the class on the basis of a disability in violation of the N.Y.C. Administrative Code § 8-107(4)(a) and § 8107(15)(a) in that Defendant has:

(a)     constructed and maintained a Website App that is inaccessible to deaf and hard of hearing class members with knowledge of the discrimination; and/or

(b)     constructed and maintained a Website App that is sufficiently intuitive and/or obvious that is inaccessible to deaf and hard of hearing class members. and/or

(c)     failed to take actions to correct these access barriers in the face of substantial harm and discrimination to deaf and hard of hearing class members.

90.     Defendant has failed to take any prompt and equitable steps to remedy its discriminatory conduct. These violations are ongoing.

91.     As such, Defendant discriminates, and will continue in the future to discriminate against Plaintiff and members of the proposed class and subclass on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, accommodations and/or opportunities of the Website App under § 8-107(4)(a) and/or its implementing regulations. Unless the Court enjoins Defendant from continuing to engage in these unlawful practices, Plaintiff and members of the subclass will continue to suffer irreparable harm.

92.     The actions of Defendant were and are in violation of City law and therefore Plaintiff invokes his right to injunctive relief to remedy the discrimination.

93.     Plaintiff is also entitled to compensatory damages, as well as civil penalties and fines under N.Y.C. Administrative Code § 8-120(8) and § 8-126(a) for each offense.

94.     Plaintiff is also entitled to reasonable attorneys' fees and costs.

95.     Pursuant to N.Y.C. Administrative Code § 8-120 and § 8-126 and the remedies, procedures, and rights set forth and incorporated therein Plaintiff prays for judgment as set forth below.

## FIFTH CAUSE OF ACTION

(Declaratory Relief)
(on behalf of Plaintiff and the Class)

96.     Plaintiff realleges and incorporates by reference the foregoing allegations as if set forth fully herein.

97.     An actual controversy has arisen and now exists between the parties in that Plaintiff contends, and is informed and believes that Defendant denies, that efficientlearning.com Website App contains access barriers denying deaf and hard of hearing individuals the full and equal access to the goods and services of the Website App, which Defendant owns, operates, and/or controls, fails to comply with applicable laws including, but not limited to, Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12182, *et seq.*, N.Y. Exec. Law § 296, *et seq.,* and N.Y.C. Administrative Code § 8-107, *et seq.* prohibiting discrimination against the deaf and hard of hearing.

98.     A judicial declaration is necessary and appropriate at this time in order that each of the parties may know their respective rights and duties and act accordingly.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests relief as follows:

99.     A preliminary and permanent injunction to prohibit Defendant from violating the

Americans with Disabilities Act, 42 U.S.C. §§ 12182, *et seq.*, N.Y. Exec. Law § 296, *et seq.*,

N.Y.C. Administrative Code § 8-107, *et seq.*, and the laws of New York.

100.    A preliminary and permanent injunction requiring Defendant to take all the steps

necessary to make the Website App into full compliance with the requirements set forth in the

ADA, and its implementing regulations, so that the Website App is readily accessible to and usable

by deaf and hard of hearing individuals.

102.    A declaration that Defendant owns, maintains and/or operates the Website App in

a manner which discriminates against the deaf and hard of hearing and which fails to provide

access for persons with disabilities as required by Americans with Disabilities Act, 42 U.S.C. §§

12182, *et seq.*, N.Y. Exec. Law § 296, *et seq.*, N.Y.C. Administrative Code § 8-107, *et seq.*, and

the laws of New York.

103.    An order certifying this case as a class action under Fed. R. Civ. P. 23(a) & (b)(2)

and/or (b)(3), appointing Plaintiff as Class Representative, and his attorneys as Class Counsel.

104.    Compensatory damages in an amount to be determined by proof, including all

applicable statutory damages and fines, to Plaintiff and the proposed subclass for violations of

their civil rights under New York State Human Rights Law and City Law.

105.    Plaintiff's reasonable attorneys' fees, statutory damages, expenses, and costs of

suit as provided by state and federal law.

106.    For pre- and post-judgment interest to the extent permitted by law; and such other

and further relief as the Court deems just and proper.


Dated: New York, NY
      October 26, 2022,

                         **GREENSTEIN & MILBAUER LLP**

                         */s/ SETH MILBAUER*

                         Seth Milbauer (SM-5503)
                         Bart Pittari (BP-7505)
                         GREENSTEIN & MILBAUER LLP
                         1825 Park Avenue, 9th Floor
                         New York, NY 10035
                         Tel: 212.685.8500
                         Fax: 212.297-0504
                         Smilbauer@nyclawfirm.com
                         Bpittari@nyclawfirm.com
                         Attorneys for Plaintiff

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Eastern District of New York

| | |
|---|---|
| JOHN MICHAEL | ) |
| | ) |
| | ) |
| | ) |
| _Plaintiff(s)_ | ) |
| v. | ) Civil Action No. |
| WILEY EFFICIENT LEARNING | ) |
| | ) |
| | ) |
| | ) |
| _Defendant(s)_ | ) |

## SUMMONS IN A CIVIL ACTION

To: _(Defendant's name and address)_

WILEY EFFICIENT LEARNING
111 RIVER STREET
HOBOKEN, NJ 07030

_John Wiley + Sons Inc_
_28 Liberty Street_
_NY NY 10005_

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:     GREENSTEIN & MILBUAER LLP
1825 Park Avenue, 9th fl
New York, NY 10035

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

BRENNA B. MAHONEY
_CLERK OF COURT_

Date: 08/18/2022
10/25/2022

_____
_Signature of Clerk or Deputy Clerk_

## CERTIFICATION OF ARBITRATION ELIGIBILITY

Local Arbitration Rule 83.7 provides that with certain exceptions, actions seeking money damages only in an amount not in excess of $150,000, exclusive of interest and costs, are eligible for compulsory arbitration. The amount of damages is presumed to be below the threshold amount unless a certification to the contrary is filed.

Case is Eligible for Arbitration ☐

I, _____, counsel for _____, do hereby certify that the above captioned civil action is ineligible for compulsory arbitration for the following reason(s):

☐     monetary damages sought are in excess of $150,000, exclusive of interest and costs,

☐     the complaint seeks injunctive relief,

☐     the matter is otherwise ineligible for the following reason

### DISCLOSURE STATEMENT - FEDERAL RULES CIVIL PROCEDURE 7.1

Identify any parent corporation and any publicly held corporation that owns 10% or more or its stocks:

### RELATED CASE STATEMENT (Section VIII on the Front of this Form)

Please list all cases that are arguably related pursuant to Division of Business Rule 50.3.1 in Section VIII on the front of this form. Rule 50.3.1 (a) provides that "A civil case is "related" to another civil case for purposes of this guideline when, because of the similarity of facts and legal issues or because the cases arise from the same transactions or events, a substantial saving of judicial resources is likely to result from assigning both cases to the same judge and magistrate judge." Rule 50.3.1 (b) provides that "A civil case shall not be deemed "related" to another civil case merely because the civil case: (A) involves identical legal issues, or (B) involves the same parties." Rule 50.3.1 (c) further provides that "Presumptively, and subject to the power of a judge to determine otherwise pursuant to paragraph (d), civil cases shall not be deemed to be "related" unless both cases are still pending before the court."

# NY-E DIVISION OF BUSINESS RULE 1(c)

1.)     Is the civil action being filed in the Eastern District removed from a New York State Court located in Nassau or Suffolk County?    ☐ Yes    ☐ No

2.)     If you answered "no" above:
a) Did the events or omissions giving rise to the claim or claims, or a substantial part thereof, occur in Nassau or Suffolk County?    ☐ Yes    ☐ No

b) Did the events or omissions giving rise to the claim or claims, or a substantial part thereof, occur in the Eastern District?    ☐ Yes    ☐ No

c) If this is a Fair Debt Collection Practice Act case, specify the County in which the offending communication was received:

If your answer to question 2 (b) is "No," does the defendant (or a majority of the defendants, if there is more than one) reside in Nassau or Suffolk County, or, in an interpleader action, does the claimant (or a majority of the claimants, if there is more than one) reside in Nassau or Suffolk County?    ☐ Yes    ☐ No
*(Note: A corporation shall be considered a resident of the County in which it has the most significant contacts).*

### BAR ADMISSION

I am currently admitted in the Eastern District of New York and currently a member in good standing of the bar of this court.

☐   Yes        ☐   No

Are you currently the subject of any disciplinary action (s) in this or any other state or federal court?

☐   Yes   (If yes, please explain        ☐   No

I certify the accuracy of all information provided above.

Signature: _____

Last Modified: 11/27/2017

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $       0.00       .

I declare under penalty of perjury that this information is true.


Date: _____                    _____
                                                                 *Server's signature*

                                               _____
                                                                 *Printed name and title*

                                               _____
                                                                 *Server's address*

Additional information regarding attempted service, etc: